Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527  paulcist@justice.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAUNE RHEAMS,

                 Plaintiff,                    **VERIFIED COMPLAINT**
                                                  **AND JURY TRIAL DEMAND**

    -against-

                                               **INDEX NO. _____**


                                             **ASSIGNED JUDGE:_____**

CEREBRAL PALSY OF WESTCHESTER,

                 Defendant.
-----------------------------------------------------------x

       Plaintiff Shaune Rheams, by and through his attorney, Paul N. Cisternino, as and for his Verified Complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*,

and the New York State Human Rights Law, New York Executive Law §290 *et seq*.

3. Plaintiff alleges herein that he was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on his race and/or color, to retaliation, and that he was also victimized by an unlawful termination.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff received a written Dismissal from the Commission and the instant complaint has been filed within ninety days of the receipt thereof.

## PARTIES

7. Plaintiff at all times relevant herein resided within the State of New York.

8. Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq*.

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The Plaintiff is a 52 year-old African American male who had been employed by the Defendant for approximately five years, working most recently as a Day Habilitation Assistant.

11. During his period of working for the Defendant the Plaintiff has always acted in a competent and professional manner, without time, attendance, disciplinary nor negative performance issues of any kind, except as to those such matters under dispute herein.

12. Upon information and belief, the Plaintiff alleges that he was subjected to discrimination and an unlawful termination based on his race/color.

13. This belief is based on the fact that the Plaintiff was singled out and, especially as it relates to his termination, treated differently from Defendant's non-African American employees.

14. During the relevant time period the Plaintiff's direct supervisor was Dina McLean and the Defendant's Director of Staff Relations and Recruitment was Odette Addison.

15. On or about August 30, 2019, the Plaintiff was involved in an "incident" whereby a Coordinator named Taylor Addison claimed to have seen the Plaintiff sleeping in one of the facility's classrooms; this was totally untrue and the only explanation the Plaintiff can think of was that Addison observed him with his head down while reading

his cellphone; significantly, Addison never spoke with or confronted the Plaintiff at that time or even entered the room he was allegedly sleeping in.

16. The Plaintiff was later suspended without pay and eventually terminated on September 5, 2019, unfairly and illegally, without adequate explanation, advance warning or any type of progressive discipline, despite his five years of exemplary service; the Plaintiff was very surprised and frustrated with this treatment and accordingly expressed his dismay vocally, which seemed to upset some Defendant management members, resulting in retaliation by them.

17. Significantly, the Plaintiff is aware of non-minority Defendant employees who actually committed violations more serious than what he was only *alleged* to have done, and who were in no way disciplined or even questioned by Defendant management.

18. The Defendant's unsigned termination letter somehow referenced "failing to follow the agency practice for Personal Care and insubordination;" to make matters worse, the Defendant decided to notify the Rye Brook Police Department and filed some kind of report, apparently portraying the Plaintiff negatively, the specifics of which Plaintiff has no knowledge of.

19. It is the Plaintiff's belief that his termination was unlawful and discriminatory, and he was never given an adequate opportunity to offer an explanation for what allegedly occurred; the Plaintiff tried to contact Executive Director Linda Kuck for an explanation of what happened and to request that the Defendant review the circumstances surrounding his termination, however, Kuck never returned his calls, nor, to the Plaintiff's knowledge, was the termination ever evaluated.

20. There had also been a previous incident wherein the Plaintiff was falsely

accused by a female co-worker of harassment; when she reported him to Human Resources the Plaintiff was suspended without pay pending an investigation with the assurance that he would receive backpay if he was exonerated; when the charges were deemed unfounded, however, the Plaintiff was never repaid his lost wages, which remain unpaid to this day.

21. To the Plaintiff's knowledge, although the Defendant has a written anti-discrimination policy, they do not properly apply it or enforce it.

22. At the time of his termination, the Plaintiff was making approximately $30,000 per year; since being terminated, he has been unable to obtain commensurate replacement employment, despite his good faith efforts to do so.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

23. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" as though fully set forth herein.

24. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR UNDER NEW YORK EXECUTIVE LAW §290

25. The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "24" as though fully set forth herein.

26. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

### AS AND FOR A THIRD CAUSE OF ACTION BASED ON RETALAITION UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

27. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as though fully set forth herein.

28. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RETALATION UNDER NEW YORK EXECUTIVE LAW §290

29. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" as though fully set forth herein.

30. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental

anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shaune Rheams respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: Ossining, New York
April 14, 2020

Respectfully submitted,

Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

_____
Paul N. Cisternino (PC-0317)

# VERIFICATION

STATE OF NEW YORK )
                  ) SS:
COUNTY OF WESTCHESTER )

Shaune Rheams, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief, as to those matters, I believe the same to be true.

_____
SHAUNE RHEAMS

Subscribed and sworn to before me this
14th day of April 2020.

PAUL N. OISTERNINO, ESQ.
Notary Public, State of New York
No. 02OI6020471
Qualified in Westchester County
Commission Expires 3/1/23

_____
Notary Public

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          INDEX NO. _____

---

SHAUNE RHEAMS, Plaintiff

-against-

CEREBRAL PALSY OF WESTCHESTER, Defendant

---

VERIFIED COMPLAINT AND

JURY TRIAL DEMAND

---

Law Office of Paul N. Cisternino, P.C.
16 Briarbrook Road
Ossining, New York 10562
Tel: (914) 330-1527
paulcist@justice.com

- Litigation Back -

9